IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BERNARD F. WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-952-GMS |
| | ) | |
| DANA METZGER, Warden, and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I. INTRODUCTION**

In February 2008, Woods pled guilty to one count each of delivery of cocaine, possession of a deadly weapon by a person prohibited, second degree conspiracy, and possession of a firearm during the commission of a felony. *See Woods v. State*, 994 A.2d 745 (Table), 2010 WL 1664008 (Del. Apr. 26, 2010). The Delaware Superior Court immediately sentenced him to a total of twenty-nine years of incarceration, suspended after the mandatory minimum fifteen years for a period of probation. Woods did not file a direct appeal. *Id.*

In 2013, the Honorable Sue L. Robinson denied Woods' federal habeas petition after determining that the claims asserted therein were either procedurally barred from review or meritless. (D.I. 57; D.I. 58) Woods appealed, and the Third Circuit denied his certificate of appealability on December 31, 2013. (D.I. 59; D.I. 62)

In May 2017, Woods filed the Rule 60(b)(6) motion for reconsideration (D.I. 63) presently pending before the court, and then he filed a memorandum in support of the motion (D.I. 64) in November 2017.

## II. STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, a motion for reconsideration and/or to reopen is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III. DISCUSSION

In his Rule 60(b)(6) motion, Woods contends that his habeas petition was erroneously denied because: (1) there was insufficient evidence to support his weapons convictions; (2) he was fraudulently induced to plead guilty; and (3) he is actually innocent of the weapons convictions. Since this motion does not attack the manner in which the decision denying Woods' petition was procured, the court finds that the motion is not a "true" Rule 60(b)(6) motion. Rather, Woods' motion constitutes a second or successive habeas petition under § 2244, because it re-asserts the same arguments presented in his original habeas petition and also challenges the same convictions and sentences.[1]

There is no indication that the Third Circuit Court of Appeals authorized the filing of the pending motion. Therefore, the court will dismiss Woods' Rule 60(b)(6) motion for lack of jurisdiction.[2] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny the instant Rule 60(b)(6) motion. In addition, the court will not issue a certificate of appealability, because Woods has failed to make

---

[1] Even if the court were to treat the instant motion as a true Rule 60(b)(6) motion, Woods' arguments are unavailing. Woods presented, and the Honorable Sue L. Robinson rejected, these same arguments in his original petition, and Woods' present allegations do not persuade the court that a "mistake" was committed during the review of his petition such that it should reconsider the prior denial of that petition.

[2] Transferring the case to the Court of Appeals for the Third Circuit would not be in the interest of justice, because nothing in the instant motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).

3

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); s*ee*
*United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Jan 23, 2018
DATE

UNITED STATES DISTRICT JUDGE

4